# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RAZON HAMPTON, | ) |
| Plaintiff, | ) |
| | ) Case No. 3:21-cv-00571 |
| v. | ) |
| | ) Chief Judge Waverly D. Crenshaw, Jr. |
| OK HUI GUTIERREZ, | ) Magistrate Judge Barbara D. Holmes |
| VICTOR GUTIERREZ | ) |
| EAGLE EVENT CENTER, | ) |
| BRIAN THOMPSON, JR., | ) |
| DARIUS TAYLOR, and, | ) |
| UNKNOWN DOORMEN #1 AND #2, | ) |
| Defendants. | ) |

## ENTRY OF DEFAULT

Pending is Plaintiff's Motion for Entry of Default against defendants Brian Thompson, Jr. and Darius Taylor pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 28). For the following reasons, and pursuant to Local Rule 7.01(b), Plaintiff's Motion is **GRANTED**.

Plaintiff filed its original complaint on July 27, 2021. (Doc. No. 1). Summonses were issued to Thompson and Taylor on July 28, 2021. (Doc. No. 7 at PageID #s 31 and 33). On September 27, 2021, Plaintiff returned the Summonses along with Proof of Service declarations executed by process server, Ernie Rice. (Doc. Nos. 20 and 21). In the Proof of Service declarations, Rice declares that he personally served Taylor on August 25, 2021. (Doc. No. 20 at PageID #128). Rice personally served Thompson on September 21, 2021. (Doc. No. 21 at PageID #130). On November 8, 2021, Plaintiff filed the pending Motion for Entry of Default. (Doc. No. 28).

Pursuant to Local Rule 55.01,

> Motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury

1

under 28 U.S.C. § 1746 verifying, among other things, (i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). Evidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service must be appended to the unsworn declaration.

L.R. 55.01. In support of the Motion, Plaintiff submitted the declaration of Kent R. Brown. (Doc. No. 28 at Page ID# 149). Brown states in his declaration that Taylor and Thompson were served with process on August 25 and September 21, 2021, respectively, and that neither have responded to the Complaint. (Doc. No. 28 at ¶¶ 2, 3, and 5). Brown further declares that neither Taylor nor Thompson are infants, incompetent persons, or persons in active military service. *Id.* at ¶¶ 6 and 7. Plaintiff attaches to its Motion the Affidavits of a representative of the Servicemembers Civil Relief Act Centralized Verification Service confirming that neither Taylor nor Thompson are active members of the military. (Doc. Nos. 28-1 and 28-2).

The Clerk finds that Plaintiff has met its obligations under Local Rule 55.01. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Accordingly, Plaintiff's Motion for Entry of Default against Brian Thompson, Jr. and Darius Taylor (Doc. No. 28) is **GRANTED.**

s/ Lynda M. Hill  
Lynda M. Hill  
Clerk of Court